Hitchcock, C. J.
The original bill in this case was filed on the 27th of July, 1849, and an amended bill on the first of September following.
' The case made in the bill and amended bill is this: the complainant, in 1832, purchased of one Leonard Danner, fifty-five acres of land, in the county of Shelby, being part of the east half of the south-east quarter of section 29, township 10, range 5, east, for the sum of three hundred dollars. At the time of purchase, the land was in a bad state of cultivation, but has been since much improved, and is now in a high state of cultivation. Since the purchase, complainant has paid the taxes. At the time of purchase, complainant was not aware that there was any incumbrance on the land, *219 but shortly after he learned that said Danner had conveyed the same to his son John Danner, who was to hold the same until his father could pay off a debt which had come against him, and to re-convey the land to his father. Leonard Danner paid the debt and then called upon John for a re-conveyance. On the same day Leonard called for the re-conveyance, John suddenly died. To protect the complainant, Leonard after-wards procured a release of the land to the complainant, from all the brothers and sisters of John, who were living, and who were his heirs. Previous to the death of John, one of his brothers, Tobias Danner, had deceased, leaving as his heir a son, Edwin H. Danner. On the 28th of May, 1847, Edwin H. Danner filed a petition for partition of the before described land, in the court of common pleas of Shelby county, and on the 29th of December, 1848, filed an amended petition claiming the title in fee simple, to the individual sixth part of said land, and praying partition, according to the provisions of the statute in such case made and provided, without allowing to complainant anything for the improvements he had made on said land. To this petition for partition, complainant was made defendant. At the July term of the court of common pleas an order for partition was made, regardless of the improvements put upon said land by complainant, since its purchase. The complainant, finding himself remediless in a court of law, seeks relief in chancery, and prays that the proceeding in partition may be enjoined; also that Edwin H. may be enjoined from selling to any other person his interest in said land. And, further, that, said land may not be divided by metes and bounds, but that the same be appraised at the cash value thereof, at the time of sale from Leonard to complainant, including the increased value, exclusive of the improvements put .upon it by complainant, and that the complainant may be decreed to have the entire land, by paying to the said Edwin H. one sixth part of such appraised value. There is also a prayer for general relie'f.
To the bill there is a general demurrer.
*220 This may, as I think, well be said to be a case of the first impression. The complainant, by the showing of his bill, purchased, in 1832, of Leonard Danner, the parcel of land described in the bill, and paid for the same, but whether the same was conveyed by Leonard Danner to him, does not appear. Shortly after the purchase, he ascertained that the title was not in Leonard Danner, as the same had been previously conveyed by Leonard to his son John, for the purpose of defrauding creditors. John died suddenly without having executed any reconveyance, but after his death his brothers and . sisters who were living, released their title to the complainant. But there was one heir of John, to wit, Edwin H. Danner, who was, at the time, an infant, and could not release. By these releases, the complainant acquired a good title to five-sixths of the premises, the title to one-sixth remaining in the infant Edwin H., now defendant to this bill. The complainant, with the full knowledge of all the facts, took possession of the entire parcel of land, and made, as he claims, valuable and lasting improvements, for which he now seeks compensation, not upon the principles of the occupying claimant law, but by having the land appraised irrespective of the improvements, and then, by being allowed to pay Edwin H. Danner one-sixth part of such appraised value. He seeks to enjoin a partition which had been ordered by the court of common pleas, upon the petition of the defendant Edwin, and to enjoin Edwin II. from selling his interest. The real object is to compel, by a decree of this court, Edwin to sell to complainant his interest in the land, at an appraisal ordered by the court. This is beyond the legitimate power of a court of chancery. If the entire tract of land was conveyed to the complainant by Leonard Danner, and had Edwin filed his petition in equity for partition, then the case would have been like the case of Brobst et al. v. Israel and John Gregg et al., decided at the present term of the court. And in such state of case, this court could with propriety settle the legal and equitable rights of the parties, and among others such rights *221 as grow out of the occupying claimant law. The party ap plying in equity for partition, must do equity.
But the case here is different. Edwin II. Danner, in pursuance of the statute, filed his petition for partition. It was not a petition in equity, but a petition under the statute. A strictly legal proceeding. Partition was ordered, and this complainant now seeks to enjoin that proceeding in partition. In the opinion of the court he does not make such a case in the bill as entitles him to this relief. All that he can with propriety ask, is such compensation as he would be entitled to under the occupying claimant law. Of this, according to the statement of the bill, he cannot be deprived if partition is made. He is in possession of the entire land, and the partition would not deprive him of that possession. The only effect would be to sever the interest, and set off to each party in severalty, his proportion of the property. The possession would not be changed. Edwin must still prosecute his ejectment to recover possession of the land aparted to him. And in such case the principles of the occupying claimant law, if applicable, might be applied.
True, as a general rule, the possession of one tenant in common is the possession of all. But if one tenant is actually put out or kept out of possession by another, he may have ejectment to recover the possession. Such is the case here. The complainant insists that he is in the exclusive possession of ihe premises. Whether one tenant in common, who is out of possession, can havé partition before he has recovered the possession, is perhaps doubtful. But it is not a question which arises in this case.

The demurrer is sustained and the bill dismissed.